**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IN RE: | * | |
| HEALTHEXTRAS, LLC | * | CASE NO.: 15-10368 DER |
| Debtor | * | Chapter 7 |

\* * * * * *  *  * * * * * *

BRIAN A. GOLDMAN, TRUSTEE,
Foxleigh Building                              *
2330 West Joppa Road, Suite 300
Baltimore, Maryland 21093                      *

      Plaintiff,                          *  Adv. Pro. No.

v.                                             *

EPSTEIN BECKER & GREEN, P.C.                   *
1227 25th Street, N.W., 7th Floor
Washington, DC 20037                           *

                             *

<u>Serve on:</u>
Wendy G. Marcari, Esquire                      *
250 Park Avenue
New York, NY 10177                             *

                             *

      Defendant.

\* * * * * * * * * * * *

**<u>COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS</u>**

The Plaintiff, Brian A. Goldman, Trustee (the "Trustee"), files this Complaint, pursuant to 11 U.S.C. §§ 547 and 550, to Avoid and Recover Preferential Transfer and, in support thereof, states as follows:

**<u>BACKGROUND</u>**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§ 547 and 550. This is a core proceeding.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. On January 9, 2015, HealthExtras, LLC ("the Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Petition Date").

4. The Trustee has been appointed the Chapter 7 Trustee, has accepted his appointment, and has qualified as such by having his bond approved.

5. Defendant, Epstein Becker & Green, P.C. ("Defendant") is a professional corporation, with its corporate office located at 1227 25th Street, N.W., 7th Floor, Washington, DC 20037.

## STATEMENT OF FACTS

6. On or around October 8, 2013, the Debtor retained Defendant to perform legal services including the defense of multi-district federal litigation in which the Debtor is a co-defendant.

7. On October 16, 2014, in the ninety (90) day period immediately preceding the Petition Date (the "Preference Period"), and as the Debtor's financial condition was deteriorating, the Debtor made a partial payment to Defendant on account of delinquent legal fees in the amount of $110,970.83 (the "First Preferential Transfer").

8. On November 18, 2014, in the ninety (90) day period immediately preceding the Petition Date, and as the Debtor's financial condition was deteriorating, the Debtor made a partial payment to Defendant on account of delinquent legal fees in the amount of $41,556.00 (the "Second Preferential Transfer").

9. On December 9, 2014, in the ninety (90) day period immediately preceding the Petition Date, and as the Debtor's financial condition was deteriorating, the Debtor made a partial payment to Defendant on account of delinquent legal fees in the amount of $169,094.80 (the "Third Preferential Transfer").

10. Accordingly, in the ninety (90) day period immediately preceding the Petition

Date, the Debtor transferred property to Defendant in the aggregate amount of at least $321,621.63, net of any new value (the "Aggregate Transfer") (as that term is used in § 547 of the Bankruptcy Code).

11. In a letter dated February 6, 2015, the Trustee requested payment from Defendant in an amount equivalent to the amount of the Aggregate Transfer. To date, Defendant has not made any payments in response to the Trustee's demand. In a letter dated June 3, 2015, the Defendant provided the Trustee with a response to the preference demand in which the Defendant offered to compromise its unsecured claim against the Bankruptcy Estate.

## COUNT I
### (Avoidance of First Preferential Transfer)

12. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

13. The First Preferential Transfer of $110,970.83 constitutes a transfer of an interest in the Debtor's property.

14. The First Preferential Transfer was to or for the benefit of Defendant.

15. The First Preferential Transfer was made for or on account of an antecedent debt owed from the Debtor to Defendant before such First Preferential Transfer was made.

16. At the time the First Preferential Transfer was made the Debtor was, in accordance with applicable law, insolvent (as that term is defined and used in §§ 101(32) and 547 of the Bankruptcy Code).

17. The First Preferential Transfer enabled Defendant to receive more than it would have received if the case were under Chapter 7 of the Bankruptcy Code, if the First Preferential Transfer had not been made, and if Defendant had received payment of the antecedent debts to the extent provided by the Bankruptcy Code.

18. The Debtor's debts are not primarily consumer debts and the aggregate value of the First Preferential Transfer is in excess of $5,850.00.

## COUNT II
### (Recovery of First Preferential Transfer)

19. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

20. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the Estate, the First Preferential Transfer from Defendant, or the value of the Transfer.

21. The Defendant is the initial transferee of the First Preferential Transfer.

22. Accordingly, the Trustee is entitled to recover the full value of the First Preferential Transfer, in the amount of $110,970.83 from the Defendant.

## COUNT III
### (Avoidance of Second Preferential Transfer)

23. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

24. The Second Preferential Transfer of $41,556.00 constitutes a transfer of an interest in the Debtor's property.

25. The Second Preferential Transfer was to or for the benefit of Defendant.

26. The Second Preferential Transfer was made for or on account of an antecedent debt owed from the Debtor to Defendant before such Second Preferential Transfer was made.

27. At the time the Second Preferential Transfer was made the Debtor was, in accordance with applicable law, insolvent (as that term is defined and used in §§ 101(32) and 547 of the Bankruptcy Code).

28. The Second Preferential Transfer enabled Defendant to receive more than it would have received if the case were under Chapter 7 of the Bankruptcy Code, if the Second

Preferential Transfer had not been made, and if Defendant had received payment of the antecedent debts to the extent provided by the Bankruptcy Code.

29. The Debtor's debts are not primarily consumer debts and the aggregate value of the Second Preferential Transfer is in excess of $5,850.00.

## COUNT IV
### (Recovery of Second Preferential Transfer)

30. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

31. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the Estate, the Second Preferential Transfer from Defendant, or the value of the Transfer.

32. The Defendant is the initial transferee of the Second Preferential Transfer.

33. Accordingly, the Trustee is entitled to recover the full value of the Second Preferential Transfer, in the amount of $41,556.00 from the Defendant.

## COUNT V
### (Avoidance of Third Preferential Transfer)

34. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

35. The Third Preferential Transfer of $169,094.80 constitutes a transfer of an interest in the Debtor's property.

36. The Third Preferential Transfer was to or for the benefit of Defendant.

37. The Third Preferential Transfer was made for or on account of an antecedent debt owed from the Debtor to Defendant before such Third Preferential Transfer was made.

38. At the time the Third Preferential Transfer was made the Debtor was, in accordance with applicable law, insolvent (as that term is defined and used in §§ 101(32) and 547 of the Bankruptcy Code).

39. The Third Preferential Transfer enabled Defendant to receive more than it would have received if the case were under Chapter 7 of the Bankruptcy Code, if the Third Preferential Transfer had not been made, and if Defendant had received payment of the antecedent debts to the extent provided by the Bankruptcy Code.

40. The Debtor's debts are not primarily consumer debts and the aggregate value of the Third Preferential Transfer is in excess of $5,850.00.

## COUNT VI
(Recovery of Third Preferential Transfer)

41. The Trustee repeats and realleges each and every allegation contained in all of the foregoing paragraphs of this Complaint as though fully set forth herein.

42. Pursuant to 11 U.S.C. § 550, the Trustee may recover, for the benefit of the Estate, the Third Preferential Transfer from Defendant, or the value of the Transfer.

43. The Defendant is the initial transferee of the Third Preferential Transfer.

44. Accordingly, the Trustee is entitled to recover the full value of the Third Preferential Transfer, in the amount of $169,094.80 from the Defendant.

**WHEREFORE**, Brian A. Goldman, Trustee, respectfully requests that this Court grant the Trustee's Motion and order the following relief:

A. That the Aggregate Transfers be avoided;

B. That judgment be entered in favor of the Trustee and against Defendant in the amount of at least $321,621.63, plus interest at the legal rate from the date the Trustee requested payment of the Aggregate Transfers, together with any costs of this action;

C. That Defendant be directed to pay to the Trustee the sum of at least $321,621.63, plus interest at the legal rate from the date the Trustee requested payment of the Aggregate Transfers;

D. That the Trustee be granted such other and further relief this Court determines to be is just and equitable.

/s/ Mark Edelson
Mark Edelson
Federal Bar No.: 29433
Goldman & Goldman, P. A.
Foxleigh Building
2330 West Joppa Road, Suite 300
Lutherville, Maryland 21093
medelson@goldmangoldman.com
(410) 296-0888

Attorneys for Trustee